COPE, J.
(concurring).
I concur in the reversal of the summary judgment. In my view, an insurer has a duty to respond to the claims submitted by the insured within a reasonable time. See Joyce Palomar, Title Insurance Law § 11:12 (2009). The insureds submitted claims in this case in 2007 and 2008. The insurer denied coverage and the insureds requested reconsideration. The insurer never made a written response to the request for reconsideration.
The insureds were represented by their own outside counsel, Mr. Recio. Mr. Recio and the insureds were aware that the insurer had retained Mr. Bailine to negotiate with the South Florida Water Management District (“SFWMD”). Mr. Recio testified that while he was aware of this, it was his understanding that Mr. Bailine was acting as co-counsel for the insurer and was not representing the insureds.
The insurer acknowledges that there is no written communication from the insurer to the insureds, advising them that the insurer had reconsidered and had decided to grant coverage. The insurer also acknowledges that there is no written communication which advised the insureds that Mr. Bailine was representing them (as opposed to the insurer).
There is, however, a disputed issue of material fact regarding whether the insureds were verbally told that Mr. Bailine was representing them. The record contains a letter dated March 11, 2009, from a law firm which represented the insurer, to an attorney for the insureds. According to the letter, Mr. Bailine “confirmed that he was retained by the Fund to represent Real Estate Investment Group and Terra-nova Investments of Miami. He said there was a meeting attended by Mr. Rothman, Mr. Bailine and the two insureds and your clients were told at the beginning of the representation that he had been hired to represent them in connection with negotiating a release of the right of way.” (Emphasis added). While it is true that there is no written communication *872 between Mr. Bailine and the insureds in the record before us, the above correspondence does make reference to an oral communication on the central issue: whether the insureds were informed that Mr. Bai-line was representing them. An issue for the trier of fact is whether Mr. Bailine did inform the insureds that he was representing them at the outset of the representation.
If the trier of fact concludes that there was a disclosure at or near the start of the representation that Mr. Bailine was representing the insureds, then a reasonable insured should have concluded that the insurer was undertaking to cover the claim. In that situation, the insureds would be obligated to cooperate by tendering the defense of the SFWMD lawsuit to the insurer, and having refused to do so, there would be no coverage.
On the other hand, if the trier of fact concludes that no such disclosure to the insureds took place, then the insureds were free to arrange for their own representation and were not required to tender the defense of the lawsuit.